United States Bankruptcy Court
Middle District of Pennsylvania

In re: Case No. 26-02279-HWV
Chantal Tamika Bradley Chapter 13
Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1 User: AutoDocke Page 1 of 2
Date Rcvd: Sep 25, 2026 Form ID: pdf002 Total Noticed: 22

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 27, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Chantal Tamika Bradley, 360 Barberry Dr, Hanover, PA 17331-1302 |
| 5825220 | + | FirstEnergy, 501 Parkway Blvd,, York, PA 17404-2643 |
| 5825224 | | Premier Dental Care, 2730 Hanover Pike, Manchester, MD 21102-1914 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5827361 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Sep 25 2026 18:57:00 | Citizens Bank N.A., One Citizens Bank Way, Johnston, RI 02919, Mailstop JCA 115 |
| 5825219 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Sep 25 2026 18:57:00 | Citizens One, Attn; Bankruptcy, One Citizens Plaza, Providence, RI 02903 |
| 5825216 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 25 2026 18:56:44 | Capital One, AttN: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 5825217 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 25 2026 18:56:44 | Capitalone, Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 5825218 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Sep 25 2026 18:56:45 | Citibank/Exxon Mobile, Citicorp Cr SrvsCentralized Bankruptcy, Po Box 790046, St Louis, MO 63179-0046 |
| 5825221 | ^ | MEBN | Sep 25 2026 18:52:18 | KML Law Group, P.C., 701 Market Street, Suite 5000, Philadelphia, PA 19106-1541 |
| 5825222 | | Email/Text: EBN@Mohela.com | Sep 25 2026 18:57:00 | Mohela/dofed, Mohela, Attn: Bankruptcy, 633 Spirit Drive, Chesterfield, MO 63005 |
| 5832915 | | Email/PDF: cbp@omf.com | Sep 25 2026 18:56:40 | OneMain Financial Group, LLC, PO Box 3251, Evansville, IN 47731-3251 |
| 5825223 | + | Email/PDF: ebnotices@pnmac.com | Sep 25 2026 18:56:41 | PennyMac Loan Services, LLC, PennyMac Loan Services, LLC, Attn: Bankr, Po Box 514387, Los Angeles, CA 90051-4387 |
| 5825225 | | Email/Text: EBN@securityplusfcu.org | Sep 25 2026 18:57:00 | Securityplus Federal Credit Union, Attn: Bankruptcy, P.O. Box 7560, Baltimore, MD 21207 |
| 5825226 | + | Email/PDF: cbp@omf.com | Sep 25 2026 18:56:39 | Springlf Fin, Po Box 1010, Evansville, IN 47706-1010 |
| 5829686 | + | Email/Text: louis@tributecap.com | Sep 25 2026 18:57:00 | Time Investment Co c/o Tribute Capital Partners, P.O. Box 167762, Irving, Texas 75016-7762 |
| 5825227 | + | Email/Text: bankruptcy@timeinvestment.com | Sep 25 2026 18:58:00 | Time Investment Company, Inc., Attn: Bankruptcy, 100 N 6th Avenue, West Bend, WI 53095-3306 |
| 5825681 | | Email/PDF: OGCRegionIIIBankruptcy@hud.gov | Sep 25 2026 18:56:48 | U.S. Department of Housing and Urban Development, The Strawbridge Building, 801 |

| | | | | |
|---|---|---|---|---|
| | | | | Market Street, 12th Floor, Philadelphia, PA 19107 |
| 5825228 | + | Email/Text: bkelectronicnotices@usaa.com | Sep 25 2026 18:57:00 | USAA Federal Savings Bank, Attn: Bankruptcy, 9800 Fredericksburg Road, San Antonio, TX 78288-0002 |
| 5827980 | + | Email/Text: RASEBN@raslg.com | Sep 25 2026 18:57:00 | USAA Federal Savings Bank, Robertson, Anschutz, Schneid,, Crane & Partners, PLLC, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 5830137 | | Email/PDF: ais.BankruptcynoticesCCSBKOperations@aisinfo.com | Sep 25 2026 18:56:44 | Wells Fargo Bank, N.A., PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |
| 5825229 | + | Email/PDF: ais.BankruptcynoticesCCSBKOperations@aisinfo.com | Sep 25 2026 18:56:48 | Wells Fargo Jewelry Advantage, Attn: Bankruptcy, Pob 10438 Mac F8235-02f, Des Moines, IA 50306-0438 |
| 5825230 | | Email/Text: bankruptcynotification@wellspan.org | Sep 25 2026 18:58:00 | Wellspan Health, PO Box 15119, York, PA 17405-7119 |

TOTAL: 19

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 27, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 25, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf@pamd13trustee.com |
| Maggie Soboleski | on behalf of Creditor PENNYMAC LOAN SERVICES LLC msoboleski@kmllawgroup.com |
| Matthew K. Fissel | on behalf of Creditor PENNYMAC LOAN SERVICES LLC bkgroup@kmllawgroup.com |
| Nicholas G. Platt | on behalf of Debtor 1 Chantal Tamika Bradley ngp@mooney4law.com plattnr61895@notify.bestcase.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>**Chantal Tamika Bradley** | CHAPTER 13<br>CASE NO. |
| | ☑ ORIGINAL PLAN<br>____ AMENDED PLAN (Indicate #)<br>☐ Number of Motions to Avoid Liens<br>☐ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**232,800.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/26 | 08/31 | 1,995.75 | 1,884.25 | 3,880.00 | 232,800.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $232,800.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*

☑ Debtor is at or under median income.
*If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $**38,998.55**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines:*

☑ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

---

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

---

**2. SECURED CLAIMS.**

**A. <u>Pre-Confirmation Distributions.</u>** *Check One:*

☐ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| PennyMac Loan Services, LLC | PennyMac Loan Services, LLC, Attn: Bankr; Po Box 514387; Los Angeles, CA 90051 | 0257 | $1,884.25 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u>** *Check One*:

☑ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

**C. <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>**. *Check One:*



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Loan Services, LLC | 360 Barberry Dr Hanover, PA 17331<br>Zillow High End $352,000 minus 10% cost of sale<br>CMA Forthcoming. | $45,873.03 | $0.00 | $45,873.03 |

**D .** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PennyMac Loan Services, LLC | 360 Barberry Dr Hanover, PA 17331<br>Zillow High End $352,000 minus 10% cost of sale<br>CMA Forthcoming. | $199,749.97 | 0.00% | $113,055.00 |

**E .** **Secured claims for which a § 506 valuation is applicable.** *Check One:*
☑ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

**F .** **Surrender of Collateral.** *Check One:*

☑ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

**G .** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☑ None.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

*If this is checked, the rest of § 2.G need not be completed or reproduced.*

**3. PRIORITY CLAIMS.**

**A. Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ **194.00** already paid by the Debtor, the amount of $ **5,406.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $_____. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one:*

☑ None.
*If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B. Priority Claims (including, certain Domestic Support Obligations)**

☑ None.
*If this is checked, the rest of § 3.B need not be completed or reproduced.*

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

**4. UNSECURED CLAIMS**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one:*

☑ None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☑ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

*Check the applicable line:*

- ☐ plan confirmation.
- ☐ entry of discharge.
- ☑ closing of case.

**7. DISCHARGE:** *(Check one)*

- ☑ The debtor will seek a discharge pursuant to § 1328(a).
- ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: ________
Level 2: ________
Level 3: ________
Level 4: ________
Level 5: ________
Level 6: ________
Level 7: ________
Level 8: ________

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: **August 12, 2026**

**/s/ Nicholas G. Platt**
**Nicholas G. Platt 327239**
Attorney for Debtor

**/s/ Chantal Tamika Bradley**
**Chantal Tamika Bradley**
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.



Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com